IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

THOMAS K. HOGGE,

    Plaintiff,

v.                                                                                  Civil Action No. 3:09CV582

HARVARD STEPHENS, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Plaintiff, a Virginia inmate proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983. Plaintiff's complaint arises out of allegations that Defendants improperly diagnosed and treated Plaintiff for hepatitis C. The matter is before the Court on various motions filed by the parties.

### A.     Motion for Extension of Time to File a Motion for Reconsideration

On September 24, 2010, the Court, *inter alia*, granted a motion for summary judgment submitted by three Defendants and denied Plaintiff's motions for a preliminary injunction. (Docket Nos. 47, 48.) On October 20, 2010,[1] Plaintiff filed a motion for an extension of time to file a motion for reconsideration of the September 24, 2010 Order. (Docket No. 50.) Plaintiff's motion (Docket No. 50) will be GRANTED and the motion to alter or amend, which the Court received on November 4, 2010, will be DEEMED timely.

### B.     Motion to Alter or Amend the September 24, 2010 Ruling

On November 4, 2010, the Court received Plaintiff's motion to alter or amend part of the Court's September 24, 2010 rulings. (Docket No. 51.) Specifically, Plaintiff requests that the

---

[1] Pursuant to *Houston v. Lack*, 487 U.S. 266 (1988), an inmate's motion is deemed filed on the date it is handed to prison staff for mailing.

Court alter or amend its (1) grant of Defendants Stephens, Schilling, and Davis's motion for summary judgment; (2) dismissal of Claims 1(a), 1(b), and 1(c); and (3) denial of Plaintiff's request for a preliminary injunction. Because Plaintiff moves to alter or amend an order that resolves fewer than all claims, the Court construes Plaintiff's request as a motion for a revision of an order under Rule 54(b).[2] *See Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003) (*citing Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991); Fed. R. Civ. P. 54(b)).

The power to grant relief under Rule 54(b) "is committed to the discretion of the district court." *Id.* at 515 (*citing Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 (1983)). Granting a motion for reconsideration generally should be limited to instances such as the following:

> [T]he Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. . . . [or] a controlling or significant change in the law or facts since the submission of the issue to the Court [has occurred]. Such problems rarely arise and the motion to reconsider should be equally rare.

*Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983); *accord United States v. Smithfield Foods, Inc.*, 969 F. Supp. 975, 977 (E.D. Va. 1997). Reconsideration is also appropriate when "'the prior decision was clearly erroneous and would work manifest

---

[2] Federal Rule of Civil Procedure 54(b) states in pertinent part:

> [Any order] that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

injustice.'" *Am. Canoe Ass'n*, 326 F.3d at 515 (*quoting Sejman v. Warner-Lambert Co.*, 845 F.2d 66, 69 (4th Cir. 1988)).

In his motion to alter or amend, Plaintiff merely restates his original allegations, avers that he is a priority candidate to receive treatment for hepatitis C, and generally disagrees with the Court's September 24, 2010 findings. The Courts do not entertain motions to reconsider which ask the Court to "rethink what the Court had already thought through—rightly or wrongly." *Above the Belt, Inc.*, 99 F.R.D. at 101.

Plaintiff attempts to correct the Court by stating that he does not seek relief against Defendants Davis and Schilling based on *respondeat superior*, but rather on a theory of supervisory liability. However, "[i]n a § 1983 suit . . . —where masters do not answer for the torts of their servants—the term 'supervisory liability' is a misnomer." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Id.*

Plaintiff identifies no viable reason why the Court should entertain his Rule 54(b) motion. Accordingly, the motion (Docket No. 51) will be DENIED.

### C. Motions for Extension of Time to File Motions for Summary Judgment

Defendants Harris and Manickavasagar filed motions for extensions of time to file motions for summary judgment. (Docket Nos. 54, 55.) For good cause shown, Fed R. Civ. P. 6(b)(1)(A), the motions will be GRANTED. Defendants Harris's and Manickavasagar's motions for summary judgment (Docket Nos. 57, 65) will be DEEMED timely filed.

### D. Motions for Extension of Time to File Responses to Motions for Summary Judgment

Plaintiff filed two motions for extensions of time to file responses to the motions for summary judgment. (Docket Nos. 61, 62.) For good cause shown, Fed R. Civ. P. 6(b)(1)(A), the

motions will be GRANTED. Plaintiff's responses (Docket Nos. 63, 64) will be DEEMED timely filed.

### E. Motion to Join Defendant

Plaintiff moved to join Dr. Repass as an additional defendant. Litigants may not spackle new allegations or defendants onto the original complaint. *See Williams v. Wilkerson*, 90 F.R.D. 168, 169-70 (E.D. Va. 1981). When a plaintiff seeks leave to amend his complaint, "a copy of the proposed amended pleading, and not simply the proposed amendment, must be attached to the motion." *Id.* at 170. Plaintiff has not submitted a copy of his proposed amended complaint. Accordingly, Plaintiff's request to amend his complaint (Docket No. 68) will be DENIED WITHOUT PREJUDICE.

### F. Motion to Strike Motion for Summary Judgment

Plaintiff moved to strike Defendant Manickavasagar's motion for summary judgment because, Plaintiff alleges, it was filed out-of-time. (Docket No. 70.) Because the Order accompanying this Memorandum Opinion will deem Manickavasagar's motion for summary judgment timely filed, Plaintiff's motion (Docket No. 70) will be DENIED AS MOOT.

### G. Service on Defendant Robb

By Memorandum Order entered December 14, 2009, the Court informed Plaintiff that the Attorney General of Virginia was unable to accept service on behalf of Defendant Linda Robb. Accordingly, the Court directed the Marshal to serve Defendant Robb at the address provided by Plaintiff.[3] The Marshal attempted service at that address. (Docket No. 24.) The Marshal

---

[3] That mailing address was: Obici Hospital, 5818 Harbourview Blvd., Suffolk, Virginia 23435. (Compl. 3.)

4

returned the service unexecuted because no person by the name of Linda Robb worked at that location.

On February 12, 2010, the Court received "PLAINTIFF'S FIRST REQUEST FOR DISCOVERY/DISCLOSURE." (Docket No. 26.) In that document, Plaintiff requested that Defendant Fred Schilling disclose the current or last known address of Defendant Robb. Plaintiff asserted that Robb "was an employee of the Health Services Division of the Virginia Department of Corrections." (Pl.'s First Request 1.) On February 23, 2010, the Court received from Defendant Schilling a response. (Docket No. 29.) In the response, Schilling avers that a check with officials at the Powhatan Correctional Center, Virginia Department of Corrections ("VDOC") Human Resources, and State Human Resources did "not disclose any prior or current employment of a Linda Robb who worked in a medical capacity." (Def. Schilling's Resp. Pl.'s First Request 1.) Schilling further states that "neither Fred Schilling, nor any other Commonwealth of Virginia employee who might have reason to know, has a current or last known address for the defendant identified as Linda Robb." (Def. Schilling's Resp. Pl.'s First Request 1.)

On March 3, 2010, Plaintiff filed a "RESPONSE TO DEFENDANT SCHILLINGS ANSWER TO REQUEST FOR DISCOVERY/DISCLOSURE." (Docket No. 31.) In his filing, Plaintiff again asserts that "Robb was an employee of the Virginia Department of Corrections in a medical capacity of some sort." (Pl.'s Resp. Def. Schilling's Answer Req. Disc. 1.) Plaintiff avers that he "is also almost certain that the defendants have some record of her employment." (Pl.'s Resp. Def. Schilling's Answer Req. Disc. 2.) Plaintiff requested that the Court "make it the defendants (Schillings) responsibility to make sure that Linda Robb is properly served notice

5

of this action." (Pl.'s Resp. Def. Schilling's Answer Req. Disc. 2.) To accomplish this, Plaintiff provided Defendant Schilling's address.

By Memorandum Order entered March 22, 2010, the Court acknowledged Plaintiff's motions to compel the disclosure of Defendant Linda Robb's address. Because Plaintiff did not include "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action," the Court denied without prejudice Plaintiff's motion. (Docket No. 35 (*quoting* Fed. R. Civ. P. 37(a)(1)).)

On April 8, 2010, the Court received from Plaintiff a copy of a letter that Plaintiff sent to Defendant Schilling. (Docket No. 37.) In that letter, Plaintiff requested that Schilling provide Plaintiff with Robb's current contact information. On April 12, 2010, Schilling responded to Plaintiff, informing him that VDOC does "not provide personal information on employees to inmates." (Pl.'s Req. Disc. (Docket No. 38) Att. 1.)

Thereafter, on April 26, 2010, the Court received "PLAINTIFF'S REQUEST FOR DISCOVERY." (Docket No. 38.) In the document, Plaintiff requested that the Court compel Schilling to produce to the Court the current or last known address of Defendant Robb. Plaintiff insists that Robb was, at one time, either an employee or a subcontractor for VDOC.

By Memorandum Order entered August 20, 2010, the Court informed Plaintiff that he is ultimately responsible for effecting service on all defendants and for providing their correct addresses.[4] (Docket No. 43.) The Court directed Plaintiff to provide further information for serving Robb, and also directed Plaintiff to show good cause for the failure to serve Robb within

---

[4] To the extent that the August 20, 2010 Memorandum Order was not clear, the Court will DENY "PLAINTIFF'S REQUEST FOR DISCOVERY" entered on April 26, 2010.

the time required by Rule 4(m). Plaintiff responded, stating that he has no means to obtain Robb's current mailing address because Plaintiff is incarcerated. (Docket No. 44.) Nevertheless, Robb provides an address for Prison Health Services and requests that the Court serve Robb at that address.

The Court makes no determination at this time regarding whether Plaintiff established good cause for failing to serve Robb within the time limits established by Rule 4(m). Nevertheless, the Court will DIRECT the Clerk to issue process for Linda Robb at the following address:

> Prison Health Services
> 105 West Park Drive
> Suite 200
> Brentwood, TN 37027

The Court will DIRECT the Marshal to serve Defendant Robb in accordance with Federal Rule of Civil Procedure 4(e) and file his returns within thirty (30) days of the date of entry hereof.

An appropriate Order will accompany this Memorandum Opinion.

/s/
M. Hannah Lauck
United States Magistrate Judge

Date: 5-31-11
Richmond, Virginia