IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**THOMAS K. HOGGE,**

      Plaintiff,

v.                                                                Civil Action No. **3:09CV582**

**HARVARD STEPHENS,** *et al.,*

      Defendants.

## MEMORANDUM OPINION

Plaintiff, a Virginia inmate proceeding *pro se*, filed this civil action under 42 U.S.C.

§ 1983. The matter is before the Court on Plaintiff's failure to serve Defendant Robb despite the

Court providing Plaintiff ample leeway and the U.S. Marshals Service attempting to serve Robb

at multiple addresses. The Court will also address Plaintiff's motion to amend its judgment.

## I. DISMISSAL OF DEFENDANT ROBB

**A.      History of Plaintiff's Attempts to Serve Defendant Robb**

By Memorandum Order entered on September 28, 2009, the Court ordered Plaintiff to

serve the Defendants. The Court advised Plaintiff he had 120 days to do so in order to comply

with Federal Rule of Civil Procedure 4(m). Accordingly, Plaintiff's time to serve Defendants

expired on January 26, 2010.

By Memorandum Order entered December 14, 2009, the Court informed Plaintiff that the

Attorney General of Virginia was unable to accept service on behalf of Defendant Linda Robb.

Accordingly, the Court directed the Marshal to serve Defendant Robb at the address provided by

Plaintiff.[1] The Marshal attempted service at that address. (Docket No. 24.) The Marshal

---

[1] That mailing address was:  Obici Hospital, 5818-D Harbourview Blvd., Suffolk,
Virginia 23435.  (Compl. at CM/ECF PageID# 3.)

returned the service unexecuted because no person by the name of Linda Robb worked at that location.

On February 12, 2010, the Court received "PLAINTIFF'S FIRST REQUEST FOR DISCOVERY/DISCLOSURE." (Docket No. 26.) In that document, Plaintiff requested that Defendant Fred Schilling disclose the current or last known address of Defendant Robb. Plaintiff asserted that Robb "was an employee of the Health Services Division of the Virginia Department of Corrections." (Pl.'s First Request 1.) On February 23, 2010, the Court received from Defendant Schilling a response. (Docket No. 29.) In the response, Schilling avers that a check with officials at the Powhatan Correctional Center, Virginia Department of Corrections ("VDOC") Human Resources, and State Human Resources did "not disclose any prior or current employment of a Linda Robb who worked in a medical capacity." (Def. Schilling's Resp. Pl.'s First Request 1.) Schilling further stated that "neither Fred Schilling, nor any other Commonwealth of Virginia employee who might have reason to know, has a current or last known address for the defendant identified as Linda Robb." (Def. Schilling's Resp. Pl.'s First Request 1.)

On March 4, 2010, Plaintiff filed a "RESPONSE TO DEFENDANT SCHILLINGS ANSWER TO REQUEST FOR DISCOVERY/DISCLOSURE." (Docket No. 31.) In his filing, Plaintiff again asserted that "Robb was an employee of the Virginia Department of Corrections in a medical capacity of some sort." (Pl.'s Resp. Def. Schilling's Answer Req. Disc. 1.) Plaintiff averred that he "is also almost certain that the defendants have some record of her employment." (Pl.'s Resp. Def. Schilling's Answer Req. Disc. 2.) Plaintiff requested that the Court "make it the defendants (S[c]hillings) responsibility to make sure that Linda Robb is properly served

notice of this action." (Pl.'s Resp. Def. Schilling's Answer Req. Disc. 2.)  To accomplish this, Plaintiff provided Defendant Schilling's address.

By Memorandum Order entered March 22, 2010, the Court acknowledged Plaintiff's motions to compel the disclosure of Defendant Linda Robb's address.  Because Plaintiff did not include "a certification that the movant ha[d] in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action," the Court denied without prejudice Plaintiff's motion.  (Docket No. 35 (*quoting* Fed. R. Civ. P. 37(a)(1)).)

On April 8, 2010, the Court received from Plaintiff a copy of a letter that Plaintiff sent to Defendant Schilling.  (Docket No. 37.)  In that letter, Plaintiff requested that Schilling provide Plaintiff with Robb's current contact information.  On April 12, 2010, Schilling responded to Plaintiff, informing him that VDOC does "not provide personal information on employees to inmates." (Pl.'s Req. Disc. (Docket No. 38) Att. 1.)

Thereafter, on April 26, 2010, the Court received "PLAINTIFF'S REQUEST FOR DISCOVERY." (Docket No. 38.)  In the document, Plaintiff requested that the Court compel Schilling to produce to the Court the current or last known address of Defendant Robb.  Plaintiff insisted that Robb was, at one time, either an employee or a subcontractor for VDOC.

### B.    Most Recent Attempt to Serve Robb

By Memorandum Order entered August 20, 2010, the Court informed Plaintiff that he is ultimately responsible for effecting service on all defendants and for providing their correct addresses.  (Docket No. 43.)  The Court directed Plaintiff to provide further information for serving Robb, and also directed Plaintiff to show good cause for the failure to serve Robb within the time required by Rule 4(m).  Plaintiff responded, stating that he has no means to obtain

3

Robb's current mailing address because Plaintiff is incarcerated. (Docket No. 44.) Nevertheless, Plaintiff provided an address for Prison Health Services and requested that the Court serve Robb at that address.

By Memorandum Opinion and Order entered on May 31, 2011, the Court directed the Clerk to issue process for Robb at the address Plaintiff provided.[2] The Court ordered the U.S. Marshals Service to serve Defendant Robb in accordance with Federal Rule of Civil Procedure 4(e) and file his returns within thirty (30) days of the date of entry thereof.

On July 8, 2011, the U.S. Marshal returned the process unexecuted. The Marshal noted that during the attempt to serve Robb, the Marshal was told that Robb had never worked for Prison Health Services.

### C.    Conclusion

Plaintiff was responsible for serving Robb. The time period during which Plaintiff had to do so expired on January 26, 2010. Eighteen months later, Plaintiff has still failed to serve Robb despite multiple attempts with the assistance of the United States Marshals Service. Plaintiff has not established good cause or excusable neglect justifying such continued delay. *Hansan v. Fairfax Cnty. Sch. Bd.*, 405 F. App'x 793, 794 (4th Cir. 2010).

Accordingly, Plaintiff's claims against Robb will be DISMISSED WITHOUT PREJUDICE. *Mendez v. Elliot*, 45 F.3d 75, 78 (4th Cir. 1995) (explaining that a dismissal for failure to serve a defendant within 120 days after an action is filed should be "without prejudice").

---

[2] That address is:  Prison Health Services, 105 West Park Drive, Suite 200, Brentwood, Tennessee 37027.

## II. MOTION TO AMEND JUDGMENT

On June 1, 2011, the Court granted various Defendants' motions for summary judgment. On July 12, 2011, the Court received Plaintiff's motion under Rule 54(b)[3] to revise that judgment. Because Plaintiff's claims lack merit, and to dispel Plaintiff's attempt at creating an unending motions practice, Plaintiff's motion to amend will be DENIED. *See Potter v. Potter*, 199 F.R.D. 550, 553 (D. Md. 2001).

The power to grant relief under Rule 54(b) "is committed to the discretion of the district court." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003) (*citing Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983)). Granting a motion for reconsideration generally should be limited to instances such as the following:

> [T]he Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. . . . [or] a controlling or significant change in the law or facts since the submission of the issue to the Court [has occurred]. Such problems rarely arise and the motion to reconsider should be equally rare.

*Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983); *accord United States v. Smithfield Foods, Inc.*, 969 F. Supp. 975, 977 (E.D. Va. 1997). Reconsideration is also appropriate when "'the prior decision was clearly erroneous and would work manifest injustice.'" *Am. Canoe Ass'n*, 326 F.3d at 515 (*quoting Sejman v. Warner-Lambert Co.*, 845 F.2d 66, 69 (4th Cir. 1988)).

---

[3] Rule 54(b) states in pertinent part:

[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

In Plaintiff's motion, he challenges the Court's ruling concerning the dismissal of claims against Dr. Harris and Dr. Manickavasagar, dismissal of his First Amendment[4] claim, and dismissal of his claim for injunctive relief. First, he protests the Court's finding that the "verification" Plaintiff used to attempt to transform all of his pleadings into sworn pleadings was defective.[5] Plaintiff argues that *pro se* prisoners need not submit affidavits because they may rely on their verified pleadings. This argument is not contrary to the Court's holding. The Court merely explained that Plaintiff's attempt to verify his pleadings was inadequate and therefore his pleadings are not considered "verified."

Regarding Dr. Harris, Plaintiff complains that the Court made the inappropriate medical determination that Plaintiff's "esophageal varices were not the result of not treating the hepatitis C and that the low platelet count is a valid and legitimate medical reason for not treating hepatitis C." (Mot. Alter or Amend Judgment § III.) The Court made no such determination. The Court merely explained that (1) Plaintiff was not competent to testify to the contrary, (2) Plaintiff's statements to the contrary were not supported by the materials to which he cited, and (3) Plaintiff's statements were therefore not considered evidence for purposes of opposing a motion for summary judgment. (June 1, 2011 Mem. Op. 12.)

---

[4] "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. Const. amend I.

[5] The documents which Plaintiff attempted to verify did not indicate which factual allegations were based on Plaintiff's personal knowledge as required. (*See* June 1, 2011 Mem. Op. 5 (*citing Walker v. Tyler Cnty. Comm'n*, 11 F. App'x 270, 274 (4th Cir. 2001)).) Furthermore, many of the verifications were based on Plaintiff's personal knowledge *or upon his information and belief*. Such verification avoids the possibility of exposure to perjury. (June 1, 2011 Mem. Op. 6 (citing cases).)

Regarding Dr. Manickavasagar, Plaintiff asserts, "[T]he Court has completely ignored the plaintiff's major claim and allegation against him which was his failure to provide treatment for hepatitis C." (Mot. Alter or Amend Judgment § IV.) To the extent Plaintiff argues that "the Court has patently misunderstood" him, *Above the Belt, Inc.*, 99 F.R.D. at 101, Plaintiff has not cited any part of the record that supports such a finding.

Plaintiff urges this Court to reconsider its dismissal of Plaintiff's First Amendment denial of access to the courts claim. Plaintiff offers no factual or legal support for this Court to alter its previous ruling.

Finally, Plaintiff urges this Court to reconsider its dismissal of Plaintiff's claim for injunctive relief.[6] Plaintiff has not identified any basis for doing so under Rule 54(b). Instead, it is apparent that Plaintiff merely disagrees with the Court's determination of this claim. Accordingly, Plaintiff's motion to amend (Docket No. 85) will be DENIED.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's claims against Robb will be DISMISSED WITHOUT PREJUDICE. Plaintiff's motion to amend (Docket No. 85) will be DENIED. The action will be DISMISSED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 9-16-11
Richmond, Virginia

/s/
James R. Spencer
Chief United States District Judge

---

[6] The Court previously explained that Plaintiff has not demonstrated Defendants are disregarding an objectively intolerable risk of harm. Rather, the evidence reflects that Plaintiff's liver enzymes are regularly monitored to assess the progress, if any, of his disease. Plaintiff fails to demonstrate that he currently faces an "objectively intolerable risk of harm" from the lack of additional medical intervention at this time with respect to his hepatitis C or other ailments. *Farmer v. Brennan*, 511 U.S. 825, 846 (1994).